UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**GUY MAXAMILLION TAYLOR,**
    Petitioner,

v.

**REOSHA BUTLER, WARDEN,**
    Respondent.

**Case No. 4:22-cv-403-CLM-HNJ**

# MEMORANDUM OPINION

    The Magistrate Judge has entered a report, recommending the court dismiss Petitioner Guy Maxamillion Taylor's pro se petition for a writ of habeas corpus without prejudice because the court lacks jurisdiction over Taylor's successive petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 10). Taylor objects to the report and recommendation. (Doc. 11).

    In his objections, Taylor argues § 2244(b)(2) applies, not § 2244(b)(1), as his first habeas petition raised claims based on ineffective assistance of counsel, while his current petition alleges violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (Doc. 11). According to Taylor, his claims meet the criteria set forth in § 2244(b)(2)(B)(i) because the State withheld exculpatory evidence that prevented Taylor from asserting his current claims in his earlier habeas petition. (*Id.* at 3). Taylor next argues that § 2244(b)(2)(B)(ii) applies because the Eleventh Circuit vacated this court's judgment dismissing Taylor's prior habeas petition and remanded the petition for the court to rule on Taylor's claims about ineffective assistance of counsel and uncorroborated accomplice testimony. (*Id.*). Taylor finally argues no reasonable factfinder would have found him guilty without the "uncorroborated testimony of accomplices."[1] (*Id.* at 4).

---

[1] Taylor appears to assert that the only evidence that supports his conviction is the "uncorroborated testimony of accomplices." (*See* Doc. 11 at 3–4). In Taylor's first habeas case, the Eleventh Circuit remanded Taylor's habeas petition for this court to consider Taylor's claim that his "appellate counsel had been ineffective for failing to argue that Taylor had been convicted based on the uncorroborated

But Taylor misses the point. Arguing that § 2244(b)(2)'s exception to the bar on "second or successive" petitions applies necessarily carries with it an admission that a petition is "second or successive." As the Magistrate Judge explained in his Report and Recommendation, § 2244(b)(3) required Taylor to seek authorization from the Eleventh Circuit *before* he filed a second or successive petition in this court.[2] (Doc. 10 at 5–6). And Taylor failed to do so. (*See* Docs. 1, 9, 11). Plus, though the Eleventh Circuit originally vacated the court's first judgment in Taylor's first habeas petition, this court later entered a second judgment that dismissed Taylor's petition with prejudice. (Doc. 32 in *Taylor*, 4:09-cv-240-RBP-TMP). So Taylor's objections lack merit.

After considering the record and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will **DISMISS WITHOUT PREJUDICE** Taylor's petition for writ of habeas corpus under 28 U.S.C. § 2254. The court will enter a separate final judgment that closes this case.

**Done** on October 7, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

testimony of an accomplice." (Doc. 22 in *Taylor v. Hertzel*, 4:09-cv-240-RBP-TMP). Upon remand, the court found that "[t]he record clearly shows that the accomplice testimony against petitioner was corroborated not only by additional testimony from non-accomplices, but also by petitioner's own inculpatory statement." (Doc. 33 at 2 in *Taylor*, 4:09-cv-240-RBP-TMP).

[2] To the extent that Taylor argues that he didn't need to seek authorization from the Eleventh Circuit because his current petition challenges violations of his constitutional rights during his detainment and arrest (and not his conviction), this argument fails. Petitioners within this district must receive authorization from the Eleventh Circuit before presenting *any* claim to this court in a second or successive habeas application. *See* 28 U.S.C. § 2244(b)(3)(A).